UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| EBONY BUGGS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 13 C 38 |
| CITY OF CHICAGO, et. al., | ) Judge George M. Marovich |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Defendant City of Chicago has objected to two discovery orders issued by the Magistrate Judge. In the first order, the Magistrate Judge decided to enter a protective order that does not protect Complaint Register files from disclosure outside of this litigation. In the second order, the Magistrate Judge denied defendant Edwin Utreras's motion for an order prohibiting the disclosure of discovery materials, including Complaint Register files, outside of this litigation. For the reasons set forth below, the Court overrules defendant's objections.

## I. Background

After plaintiff Ebony Buggs ("Buggs") filed her § 1983 claims against defendants the City of Chicago and Police Officer Edwin Utreras ("Utreras"), plaintiff filed with the Magistrate Judge (to whom discovery had been referred in this case) a motion for entry of a protective order. The protective order that the Magistrate Judge ultimately signed prohibited the parties from disclosing outside of the litigation any information designated as "Confidential Information." The parties did not (and do not) disagree about the limitation on the use of confidential information outside of the litigation, but they did (and do) disagree about what

information should be designated as confidential. Specifically, the parties disagree about the extent to which documents commonly referred to as Complaint Register files can be designated as confidential information for purposes of the protective order. Complaint Register files are the files of materials that develop when the City of Chicago investigates misconduct complaints against Chicago police officers. The Complaint Register files contain, among other things, private, personal information about the police officers, complainants and witnesses. Some Complaint Register files contain information about complaints that were unfounded or that did not result in discipline.

Buggs asked the Magistrate Judge to sign a protective order that allowed some portions of Complaint Register files, but not entire Complaint Register files, to be designated as confidential. Specifically, the language Buggs proposed was:

> Confidential Matter also includes: (i) All complainant, witness and third-party identifying information contained in City of Chicago Police Department Complaint Register Files ("Complaint Register Files"); and (ii) All private and personal information regarding defendant officers, CPD employees and their families, plaintiffs, witnesses or other non-parties, including but not limited to, social security numbers, home addresses, telephone numbers, medical and financial information, driver's license and employee numbers;"

The City of Chicago, on the other hand, wanted entire Complaint Register files to be included in the definition of Confidential Information in the protective order. Among other things, the City of Chicago was concerned that police officers might be embarrassed by the release of complaints that did not result in discipline and/or were unfounded. The Magistrate Judge chose plaintiff's language over the City of Chicago's.

About a week after the Magistrate ruled on plaintiff's motion for protective order (choosing plaintiff's language over Chicago's), defendant Utreras filed a motion for entry of a

protective order. Utreras asked the court to prevent all discovery materials (including entire Complaint Register files) from release outside of this litigation. The Magistrate ruled that this motion was essentially a rehash of the prior ruling and denied the motion.

Defendant City of Chicago has filed timely objections to both rulings.

## II. Standard of review

When a party timely objects to a pretrial, non-dispositive ruling by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "These standards do not necessarily restrict district court review of a magistrate's findings." *United States v. Frans*, 697 F.2d 188, 191 n. 3 (7th Cir. 1983). A district court is allowed to conduct "a full review." *Id.*

## III. Discussion

Discovery rules are liberal, so courts can limit the use of materials produced in discovery. The discovery rules allow discovery of matters relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). The relevant information "need not be admissible;" it merely must be "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 (1984). Because "of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." *Seattle Times*, 467 U.S. at 34. Rule 26(c) provides, in relevant part:

> The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery;

Fed.R.Civ.P. 26(c)(1)(A) (emphasis added).[1] The parties disagree about whether defendants have shown good cause for prohibiting the use outside of litigation of the Complaint Register files produced during discovery.

To be clear, this is a question of protecting materials produced in discovery, not a question of prohibiting the disclosure of materials *actually filed* with the Court. As the Seventh Circuit has said, "Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (internal citations omitted). The issue the Magistrate Judge was deciding was whether entire Complaint Register files that have *not* been filed with the Court should be protected from disclosure.

If this Court were considering this issue in the first instance, it might have reached a different conclusion. This Court, however, is not considering this issue in the first instance. It is reviewing a ruling of a matter referred to the Magistrate Judge, and the Court must set aside the order only if it is clearly erroneous or contrary to law. It is not. This is a discretionary issue on which reasonable people can disagree. Many courts have reached the same decision as this Magistrate Judge, which is to protect from disclosure only certain portions (social security

---

[1]The standard for issuing a protective order is thus "good cause." Although some courts look to the Illinois Freedom of Information Act ("IFOIA") when considering whether good cause has been shown, this Court believes IFOIA is a distraction from the real standard. *See Martinez v. City of Chi.*, Case No. 09 C 5938, 2012 WL 1655953 at *3 (N.D. Ill. May 10, 2012) ("We agree with the courts that have concluded that IFOIA question is really a side show."); *Henry v. Centeno*, Case No. 10 C 6364, 2011 WL 3796749 at *2 (N.D. Ill. Aug. 23, 2011) ("IFOIA does not control this court's determination as to whether 'good cause' has been shown to subject CR files to a protective order.").

numbers, addresses, witness names, etc.) of Complaint Register files. *See Martinez v. City of Chi.*, Case No. 09 C 5938, 2012 WL 1655953 at *3 (N.D. Ill. May 10, 2012) ("there is good cause to limit the disclosure of personal identifying information in [Complaint Register] files"); *Henry v. Centeno*, Case No. 10 C 6364, 2012 WL 3796749 at *6 (N.D. Ill. Aug. 23, 2011) ("The court finds good cause for a protective order covering defendants' medical and personal information, as well as any personal and confidential information concerning third parties."). Thus, the Magistrate Judge's first ruling is not contrary to law, and defendant's objection to it is overruled.

As for the second ruling, this Court agrees with the Magistrate Judge that Utreras's motion for protective order was merely a rehashing of what the Magistrate had already decided. Thus, the Court overrules defendant's objection to that order, as well.

## IV. Conclusion

For the reasons set forth above, the Court overrules defendant City of Chicago's objection [66] to Judge Valdez's August 13, 2013 order and its objection [80] to Judge Valdez's September 11, 2013 order.

ENTER:

George M. Marovich
United States District Judge

DATED: October 22, 2013